### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

Flagstar Bank, FSB,

        Plaintiff,

vs.                                               Civ. No. 05-01287 JCH/KBM

Seth Brown,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Flagstar Bank, FSB's ("Plaintiff") Motion to Remand, filed June 13, 2005 **[Doc. No. 2]**. The Court having considered the motion, brief, and relevant law, and being otherwise fully informed, finds that the motion is well taken and will be granted.

### BACKGROUND

On June 6, 2005, Defendant Seth Brown ("Defendant") filed an "Annexed Exhibit Notice of Removal and Temporary Restraining Order/Automatic Stay" ("Notice of Removal") in an attempt to remove a state court foreclosure action filed by Plaintiff in the Eighth Judicial District, County of Taos, State of New Mexico, on November 6, 2002. The state court entered summary judgment in favor of Plaintiff on December 3, 2003. *See* Summary Judgment, Decree of Foreclosure, Order of Sale and Appointment of Special Master, Case No. CV-2002-341 (8th Judicial Dist., State of New Mexico, Dec. 3, 2003) (attached as Exh. B to Motion to Remand). In an effort to effectuate that decree, Plaintiff has scheduled three foreclosure sales. *See* Am. Notice of Sale on Foreclosure (attached as Exh. C to Motion to Remand); Second Am. Notice of

Sale on Foreclosure (attached as Exh. D to Motion to Remand).  The first sale was delayed by Defendant's first bankruptcy action.  That bankruptcy action was dismissed on December 2, 2004, upon a finding that Defendant filed in bad faith.  *See* Order Granting Motion to Dismiss Bankr., Case No. 13-04-11601, Doc. No. 68 (Dec. 2, 2004) (attached as Exh. E to Motion to Remand); Hrg. Tr., Case No. 13-04-11601, Doc. No. 71 (Feb. 15, 2005) (attached as Exh. F to Motion to Remand).  The second foreclosure sale was delayed due to Defendant's second bankruptcy action.  The stay was lifted in that case on March 22, 2005.  *See* Order Granting Motion for Relief from Stay, Case No. 7-05-10371-MS, Doc. No. 16 (Mar. 22, 2005) (attached as Exh. G to Motion to Remand).  The third sale was set for June 3, 2005, but was delayed by Seth Brown's June 1, 2005, filing of an action in this Court, *see* Compl. entitled "Libel of Review/Counterclaim in Admiralty," 05-CV-0605 JCH/RHS, and by Mr. Brown's June 6, 2005, removal of the state court foreclosure action to this Court.

## STANDARD

Federal court jurisdiction must be strictly construed.  *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  Where a case was originally filed in state district court, a presumption exists against removal jurisdiction, *see Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and the Court must resolve all doubts against removal, *see, e.g.*, *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "'A court lacking jurisdiction . . . must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.'"  *Tuck v. United Servs.*

*Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).  The removing party bears the burden of establishing that removal properly was accomplished.  *See Martin*, 251 F.3d at 1290.

**DISCUSSION**

Plaintiff filed its Motion to Remand on June 13, 2005, seeking remand on the following grounds:  (1) the Court does not have diversity of citizenship jurisdiction over this case under 28 U.S.C. § 1441(b), because Defendant is a citizen of New Mexico, the state in which this action originally was brought, (2) even if diversity of citizenship jurisdiction did exist, Defendant failed to file for removal within the required time frames set forth in 28 U.S.C. § 1446(b), (3) Defendant failed to attach relevant pleadings to the removal action as required by 28 U.S.C. § 1446(a), and (4) Defendant failed to comply with the requirements of the removal statutes, which must be strictly construed.  In addition to seeking remand, Plaintiff also seeks attorney's fees and costs, as well as an order prohibiting Defendant from filing further vexatious pleadings and notices of removal.

**I.     Remand.**

An action is removable on the basis of diversity of citizenship only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  The Court may look to the record to determine a party's citizenship when only general and conclusory allegations of jurisdiction lay before it.  *Martinez v. Martinez*, 207 F. Supp. 2d 1303, 1308 (D.N.M. 2002), *aff'd*, Nos. 02-2182, 02-2188, 2003 U.S. App. LEXIS 7533 (10th Cir. Apr. 21, 2003).  The record in this case demonstrates that

Defendant is a citizen of the State of New Mexico, and that Defendant, therefore, was not entitled to remove this case to federal court. Specifically, Defendant has maintained the same mailing address, his home that is the subject of the foreclosure action, throughout the present action. He has listed this home as his return address on the pleadings he has filed. He has described himself as "a man upon the land of New Mexico" and as an "inhabitant on the land of New Mexico." When Defendant was deposed, he stated that he has lived in his New Mexico home for more than twenty years. Although Defendant alleges that this action is removable on the basis of diversity of citizenship, the record clearly demonstrates that Defendant is a citizen of New Mexico and that diversity of citizenship, therefore, does not exist. Defendant's removal of this action to federal court clearly was improper under 28 U.S.C. § 1441(b), and the Court grants Plaintiff's Motion to Remand on this ground.

Defendant's removal of this action also was improper under 28 U.S.C. § 1446(b) because Defendant failed to remove the action in a timely fashion. A defendant must file a notice of removal within thirty days of receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). If a case is not initially removable, but becomes removable, a defendant must file a notice of removal within thirty days after the case becomes removable. *Id.* The thirty-day time limitations are "mandatory and strictly construed." *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1120 (D.N.M. 1998).

Defendant did not file a notice of removal within thirty days of the initial action, which was filed and served on Defendant in November 2002. *See* Compl. for Foreclosure (attached as Exh. A to Motion to Remand). Defendant claims that the action became removable in February

2005, but Defendant did not file a notice of removal until June 1, 2005, well beyond the thirty-day time period during which removal would have had to occur. *See* Notice of Removal [Doc. No. 2].

Defendant's removal also was untimely because, according to 28 U.S.C. § 1446(b), a case "may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Defendant bases his grounds for removal on purported diversity grounds, which is to say on jurisdiction conferred by 28 U.S.C. § 1332. Plaintiff originally brought this action in November 2002. Defendant's June 2005 removal was well beyond the one-year statutory limitation set forth in Section 1446(b), and therefore was untimely for this reason as well. Because Defendant failed to meet the time limitations imposed by 28 U.S.C. § 1446(b), Defendant's removal of this case was improper, and the Court grants Plaintiff's Motion to Remand on this ground.[1]

## II.     Attorney's Fees and Costs and Additional Relief.

Under 28 U.S.C. § 1447(c), upon an order of remand, the Court may award just costs and actual expenses, including attorney's fees, incurred as a result of improper removal. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Court may exercise discretion in awarding attorney's fees for improper removal. *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004). As the Tenth Circuit has recognized, "[i]n deciding

---

[1] Because the Court grants Plaintiff's Motion to Remand on the foregoing grounds, the Court need not address Plaintiff's remaining arguments in support of its Motion to Remand.

whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal. The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (internal citations omitted). On the other hand, attorney's fees may be denied where the defendant "had a fair basis for removing the case." *Daleske v. Fairfield Comms., Inc.*, 17 F.3d 321, 324 (10th Cir. 1994). In other words, a plaintiff is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper. *Martin*, 393 F.3d at 1147. Thus, "the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). *See also Martin*, 393 F.3d at 1147-48 (citing *Valdes*, 199 F.3d at 292-93). The fact that a party attempting improper removal may be a *pro se* litigant is no bar to the imposition of sanctions. *Topeka Hous. Auth. v. Johnson*, No. 04-3348, 2005 U.S. App. LEXIS 6537, at *7 (10th Cir. Apr. 18, 2005). A showing that the removal was improper *ab initio*, however, is required if the Court wishes to award attorney's fees. *Id.* at *6.

As discussed herein, Defendant's Notice of Removal contains jurisdictional and procedural errors directly in conflict with the plain language of the removal statutes cited by Defendant. *See supra* § I. Accordingly, Defendant had no "fair basis" and no objectively reasonable ground to believe that removal legally was proper. To the contrary, the attempted removal clearly was improper *ab initio*.

It also appears that Defendant filed his Notice of Removal in bad faith. Defendant filed his

federal court action, Civil Case Number 05-0605 JCH/RHS, just prior to, and the Notice of Removal of the state court action just after, the time of the scheduled, court-ordered foreclosure sale by a court-appointed Special Master of Defendant's property.  The timing of these filings, like the timing of Defendant's two previous bankruptcy filings, suggest that Defendant submitted these pleadings primarily, if not solely, to stall that sale.  *See* Summ. J., Decree of Foreclosure, Order of Sale and Appoint. of Special Master (attached as Exh. B to Motion to Remand); Second Am. Notice of Sale on Foreclosure (attached as Exh. D to Motion to Remand).  Moreover, the fact that Defendant has failed to respond to the Motion to Remand or file any other pleading in this case besides his Notice of Removal, further implies bad faith on the part of Defendant.  Similarly, the Court notes that Mr. Brown failed to respond to pending motions or file any other pleadings (besides his opening pleading) in the federal court case initiated by him just days prior to the third scheduled foreclosure sale.  *See* Civil No. 05-0605 JCH/RHS.  In short, this is unlike a case in which a defendant has exercised due diligence in researching the law and gathering the facts, and in doing so has reached an objectively reasonable yet ultimately erroneous conclusion that federal jurisdiction exists.  In such a case, it would be improper to award attorney's fees.  That, however, is not the case here.  Defendant has not provided the Court with an objective basis for his belief that he was entitled to remove the case.  Because the Court finds that Defendant's removal of this action was improper *ab initio* and that it likely was filed not for a legitimate purpose but rather as a stall tactic, the Court grants Plaintiff's request for attorney's fees and costs.

Plaintiff also asks the Court to enter an order prohibiting Defendant from filing further

pleadings and notices of removal in federal court. At this time, the Court declines to enter such a broad order against Defendant. The Court, notes, however, that it will consider such an order in the future if Defendant continues to file pleadings in bad faith or for a vexatious or frivolous purpose.

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that:

(1) Plaintiff Flagstar Bank, FSB's ("Plaintiff") Motion to Remand, filed June 13, 2005 **[Doc. No. 2]**, is hereby GRANTED, and the case will be REMANDED to the Eighth Judicial District Court, Taos County, New Mexico; and

(2) Plaintiff is entitled to reasonable attorney's fees incurred as a result of filing its motion to remand; with regard to the claim for attorney's fees, in accordance with Local Rule 54.5, Plaintiff's counsel must file a motion, affidavit, and supporting evidence regarding those fees within thirty (30) days from the date of this Memorandum Opinion and Order.

Dated this 14th day of December 2005.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE